IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| IN RE SUBPOENAS ISSUED TO THE FERRARO LAW FIRM in *IN RE BESTWALL, LLC*, CASE NO. 3:17-BK-31795-LTB, PENDING IN THE BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA. | Miscellaneous Action Case No. 21-24360-MC-MORENO/GOODMAN |

**REPLY BRIEF IN SUPPORT OF THE FERRARO LAW FIRM'S MOTION TO QUASH OR MODIFY BESTWALL LLC'S SUBPOENA DUCES TECUM AND SUBPOENA AD TESTIFICANDUM**

The Ferraro Law Firm ("Ferraro Law") submits this reply (the "Reply") in support of its *Motion to Quash or Modify Bestwall LLC's Subpoena Duces Tecum and Subpoena ad Testificandum* [ECF No. 6] (the "Motion to Quash"). On January 24, 2022, Bestwall, LLC ("Bestwall") filed its *Opposition to the Ferraro Law Firm's Motion to Quash or Modify Bestwall LLC's Subpoena Duces Tecum and Subpoena ad Testificandum* (the "Response") [ECF No. 13].

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………………………………………………………..3

ARGUMENT …………………………………………………………………………………...4

    I.    The Subpoenas Seek Information Beyond the Scope of Rules 26 and 45. ……….4

        a.    Bestwall Has Been Inconsistent Regarding Necessary Information for the Estimation Hearing. . ……………………………………………………..4

        b.    Bestwall Mischaracterizes the Evidentiary Purpose of Trust Claims, Ballots, and Rule 19 Filings. . …………………………………………………….. 5

        c.    In Light of the Parties' Relative Access to the Information and the Parties' Relative Resources, the Subpoenas are Unduly Burdensome. …………….7

        d.    Bestwall is not "Entitled" to the Information it Seeks. ……………………8

    II.    Bestwall Does Not Have Evidence of Fraud or that Exposure Evidence was Withheld. ……………………………………………………………………......9

        a.    Plaintiff A………………………………………………………………….10

        b.    Sikorska Affidavit…………………………………………….....................11

        **c.**    Dahlgren Article…………………………………………………….......11

    III.    The <u>Shelton</u> Standard Applies in these Circumstances and Bestwall has Failed to meet it. ……………………………………………………………………...12

CONCLUSION ……………………………………………………………………………….13

CERTIFICATE OF SERVICE……………………………………………………………..15

# **TABLE OF AUTHORITIES**

Cases

In re Zantac (Ranitidine) Prods. Liab. Litig.,
  Case No. 20-md-2924, ECF No. 5165 (Jan. 28, 2022 S.D. Fla.)………………………………….6

Cytodyne Techs., Inc. v. Biogenic Techs., Inc.,
  216 F.R.D. 533 (M.D. Fla. 2003) ...................................................................................................9

Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.,
  237 F.R.D. 215 (D. Neb. 2006) ....................................................................................................12

Martino v. Kiewitt N.M. Corp.,
  600 F. App'x. 908 (5th Cir. 2015) ..................................................................................................9

Pamida, Inc. v. E.S. Originals, Inc.,
  281 F.3d 726 (8th Cir. 2002) ........................................................................................................13

Shelton v. American Motors Corp.,
  805 F.2d 1323 (8th Cir. 1986) ..................................................................................................... 12

Statutes

11 U.S.C. § 101(5) ..................................................................................................................6, n. 8

Rules

Fed. R. Bankr. P. 2019 ..........................................................................................................5, 6, 7

Fed. R. Civ. P. 26 ................................................................................................................ *passim*

**ARGUMENT**

I. **The Subpoenas Seek Information Beyond the Scope of Rules 26 and 45.**

   a. **Bestwall Has Been Inconsistent Regarding Necessary Information for the Estimation Hearing.**

Bestwall must demonstrate that the information sought by way of the Subpoenas[1] is "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Bestwall claims that the Subpoenas seek "crucial discovery," Resp. at 12, relevant to the estimation proceeding in the Bankruptcy Case. However, Bestwall has not demonstrated that the information it seeks is "crucial," let alone relevant to the estimation proceedings, as required by Rule 26(b).

Tellingly, Bestwall has been inconsistent in its arguments before this tribunal (along with the District of Maryland and the Northern District of Texas)[2] and in its recent arguments before the Bankruptcy Court regarding the information that it *needs* for the estimation proceedings. On October 28, 2021, Bestwall moved the Bankruptcy Court for an order "approving a sample of resolved Bestwall Mesothelioma Claims," (the "Resolved Claim Sample") which consisted of 1,501 claims.[3] Bestwall argued that the use of the Resolved Claim Sample would "eliminate the time-consuming process of gathering and reviewing additional files" and requested that the Bankruptcy Court "determine that the Resolved Claim Sample is appropriate for use in the estimation proceeding." Ex. A at 3.

---

[1] All capitalized terms not otherwise defined herein have the same meaning given in Ferraro Law's Motion to Quash.

[2] Bestwall made this same argument in response to motions to quash similar subpoenas pending before the District of Maryland and the Northern District of Texas. See Case No. 3:22-mc-00003-X-BT (N.D. T.X.), ECF No. 4 at 12; Case No. 1:21-cv-03257-SAG (D. MD.), ECF No. 13 at 14.

[3] *Motion of the Debtor to (A) Approve Resolved Claim Sample and (B) Authorize Related Disclosure Pursuant to Rule 502(D) of the Federal Rules of Evidence* (the "Resolved Claim Sample Motion") Bankr. Doc. No. 2183, attached hereto as **Exhibit A**, at 14.

While the motion seeking the Resolved Claim Sample was pending before the Bankruptcy Court, Bestwall issued the Subpoenas to Ferraro Law, as well as similar subpoenas to two other law firms, seeking information from a total of twenty-three (23) Selected Plaintiffs. However, the 1501-claim sample Bestwall asked the Bankruptcy Court to approve *did not include six* of those twenty-three claims, all of which Bestwall has indicated in this proceeding (and in two others) are "crucial discovery."[4] See Ex. A at 22-49.  Clearly, these six claims are not "crucial" if not included in Bestwall's Resolved Claim Sample, and this inconsistency brings into question the "crucial" nature of the remaining Selected Plaintiffs' claims.[5]

Several other reasons dictate a finding that the information Bestwall seeks is not "crucial discovery," (let alone relevant and proportional) to the estimation proceedings. As discussed below, Bestwall has mischaracterized the evidentiary purpose of trust claims, bankruptcy ballots, and Rule 2019 filings.  Bestwall has further misrepresented an asbestos case in which Ferraro Law represented the plaintiff. Further, the Bestwall's proportionality problem is exacerbated by the substantial burden that would befall Ferraro Law if it were ordered to sift through any and all information to ensure preservation of the attorney client privilege, work product protection, and any other applicable protections that are triggered by Bestwall's decision to demand information from a law firm. See In re Zantac (Ranitidine) Prods. Liab. Litig., Case No. 20-md-2924, ECF No. 5165 (Jan. 28, 2022 S.D. Fla.) (Reinhart, Mag. J.) (quashing in full a subpoena propounded upon

---

[4] This includes the claims of Diane Danahy (GP.2E537AB), Fred Rich (GP.2DEC091), and Oliver Scarlett (GP.2E5327A), which were included as Selected Plaintiffs in the Subpoenas issued to Ferraro Law, and three other claims included in similar subpoenas issued by Bestwall to two other law firms. See Case No. 3:22-mc-00003-X-BT (N.D. T.X.), ECF Nos. 1-2 at 9-10 and 1-3 at 9-10; Case No. Case No. 1:21-cv-03257-SAG (D. M.D.), ECF Nos. 4-3 at 9; 4-4 at 9.

[5] It further bears mentioning that Bestwall has appealed two orders issued by the District Court of Delaware related to similar subpoenas *duces tecum* issued to DCPF. The appeal has been calendared for March 17, 2022. See *Bestwall LLC v. Armstrong World Indus. Inc. Asbestos Personal Injury Settlement Trust, et al.*, No. 21-2263 (3d Cir. Sept. 3, 2021), ECF No. 52.

an attorney whose professional obligations required him to review virtually all documents for privilege and other protections, which, *inter alia*, "create[d] an undue compliance burden").

### b. Bestwall Mischaracterizes the Evidentiary Purpose of Trust Claims, Ballots, and Rule 19 Filings.

In its Response, Bestwall argues erroneously that trust claims, ballots, and Rule 2019 filings are proof of "exposure evidence." Resp. at 16.[6] Contrary to Bestwall's explanation of the trust claims process, Resp. at 18-21, this process was "designed to require only evidence relevant to whether the predecessor defendant would have had liability to the plaintiff." Ex. D at 93. Many asbestos trusts maintain "site lists," or locations and time frames, where asbestos products were known to be present.[7] A claimant therefore need only provide limited information (including data such as occupation(s), time period, and site location), to demonstrate an entitlement to file a proof of claim[8] against that specific trust. Ex. D at 82. In other words, a claimant need not actually prove exposure in order to file a trust claim. Accordingly, the trust claims that Bestwall seeks from Ferraro Law are simply not relevant for purposes of the estimation proceedings.

Further, Bestwall exaggerates the evidentiary import of bankruptcy ballots. Resp. at 21-22. Quite simply, a claimant's submission of a bankruptcy ballot is <u>not</u> an allegation of exposure. The purpose of ballot submissions is to allow the bankruptcy court to account for all potential claims

---

[6] Bestwall previously made these arguments in its *Informational Brief of Bestwall LLC* [Bankr. Doc. No. 12], attached hereto as **Exhibit B,** and its *Motion of the Debtor for Estimation of Current and Future Mesothelioma Claims* [Bankr. Doc. No. 875], attached hereto as **Exhibit C**. Ex. B at 24-34; Ex. D at 8. These arguments were addressed, and debunked, by the Official Committee of Asbestos Personal Injury Claimants (the "ACC") in its own *Informational Brief of the Official Committee of Asbestos Claimants of Bestwall LLC [With Previously Redacted Sections]* (the "Informational Brief") [Bankr. Doc. No. 1318], attached hereto as **Exhibit D**, at 81-110.

[7] A complete list of trusts that maintained site lists is included in the ACC's Informational Brief. Ex. D at p. 95, Figure 11.

[8] The Bankruptcy Code defines a proof of claim (or "claim") as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5).

to ensure a successful reorganization of the debtor's estate. Ex. D at 97. To submit a ballot, a claimant need only a *good faith basis* for believing that he or she *may* have a claim against a certain asbestos trust. A ballot does not require a claimant to submit any evidentiary proof and a ballot does not entitle a claimant to right to payment. Id. Turning to Rule 2019 filings, such filings are simply a statement of representation by counsel.[9] They are not statements of claimants alleging exposure or a right to payment. Accordingly, the bankruptcy ballots and Rule 2019 filings Bestwall seeks also are *not* evidence of exposure to asbestos and have no relevance to the estimation proceedings.

Lastly, other sources of information exist to aid Bestwall's agenda in the estimation proceedings. For example, a significant amount of information regarding each bankruptcy trust's criteria for paying a claim is publicly available.[10] According to Bestwall's consultants, this information is customarily used by asbestos defendants to assess their own settlement strategies.[11] Bestwall has presented no reason why it cannot use such information in its own estimation process.

### c. In Light of the Parties' Relative Access to the Requested Information and the Parties' Relative Resources, the Subpoenas are Unduly Burdensome.

Bestwall argues that the burden on Ferraro Law in complying with the Subpoenas is "minimal by comparison" to the efforts it would need to undertake to obtain this information by

---

[9] Bankruptcy Rule 2019(b) requires "every group or committee that consists of or represents . . . multiple creditors . . . that are . . . acting in concert to advance their common interests" to file "a verified statement" setting forth certain information, such as the identity of group members and their economic interests. Fed. R. Bankr. P. 2019(b).

[10] Including "payment percentage" (the percentage that a bankruptcy trust's resources permit them to pay against the liquidated value of an accepted claim), a "scheduled value" for each recognized type of asbestos disease compensable by the trust, a "maximum value" (the most the trust will pay for a liquidated claim), and an "average value" (the average liquidated claim in a specific diagnosis category). Ex. D at 96.

[11] Ex. D at 96 (citing February 3, 2011 Dep. Tr. of Charles E. Bates, Ph.D. at 24:9-14, In re Specialty Prods. Holding Corp., Case No. 10-11780 (Bankr. D. Del.)).

7

other means. Resp. at 26. However, Bestwall fails to consider either the parties' relative access to the information or the parties' relative resources. See Fed. R. Civ. P. 26(b)(1) (requiring the court to consider the "parties' relative access to relevant material information" and the "parties' resources"). Bestwall is a corporation whose litigation costs are fully funded by Georgia-Pacific,[12] and is represented by large firms with significant operating capacities and highly experienced attorneys. It already has, by its own admission, a great deal of the information it seeks from Ferraro Law and has alternative avenues for obtaining that information.[13] In contrast, the efforts Ferraro Law would need to undertake in producing the information Bestwall seeks can hardly be described as "minimal." As described in the Jagolinzer Affidavit, compliance with the Subpoenas would place a considerable burden on Ferraro Law.[14] See Jagolinzer Affidavit, ¶¶ 4-14.

### d. Bestwall is not "Entitled" to the Information it Seeks.

---

[12] According to the *Second Amended and Restated Funding Agreement* (the "Funding Agreement"), attached hereto as **Exhibit E**, by and between Bestwall and Georgia-Pacific LLC ("New GP"), a separate successor to Old GP, New GP has agreed to pay "any and all costs and expenses of [Bestwall] incurred during the pendency of any Bankruptcy Case that are necessary or appropriate in connection therewith," including ordinary course costs and expenses, and "any ancillary costs and expenses of [Bestwall] associated with such Asbestos Related Liabilities and any litigation thereof." Ex. E at 5.

[13] See Resp. at 16 (admitting that "Bestwall has an interest in receiving these clearly non-privileged documents to ensure it has the complete set of any such documents …") and at 21 (admitting that it can obtain bankruptcy filings it seeks from Ferraro Law "by … requesting access in the bankruptcy courts where the exhibits are filed off the docket …").

[14] It further bears mentioning that, while Bestwall relies on proceedings in Stevenson v. Brenntag N. Am. Inc., No. 6:17-cv-417 (M.D. Fla. 2017) to argue that "all of the asbestos exposure-related documents Bestwall requests are easily accessible for production by Ferraro[,]" Resp. at 24, the testimony that Bestwall cites does not support this argument. Indeed, the testimony by employees of Ferraro Law outlined the firm's *general* policies regarding file management. However, the circumstances in Stevenson presented an example in which certain bankruptcy filings were (inadvertently) not contained in a specific client's file. Accordingly, compliance with the Subpoenas would require the Law Firm to search in and *outside* the Selected Plaintiffs' case files—a massive undertaking by the firm, as described in the Jagolinzer Affidavit. See Jagolinzer Affidavit, ¶¶ 4-14.

Bestwall further argues that the Subpoenas are not burdensome because it is "entitled" to examine certain documents in Ferraro Law's possession (documents which it also has) so that it can "ensure it has the complete set of any such documents allegedly showing disclosure, and to avoid a future allegation by [Ferraro Law] (or the parties in the Bankruptcy Case) that Ferraro Law possesses some other document showing disclosure of exposures to Bestwall." Resp. at 22. Bestwall presents absolutely no authority to support its contention in this regard.[15] Irrefutably, it is not incumbent upon Ferraro Law, or any third party, to assist Bestwall with its own record-keeping. Bestwall's reasoning in this regard perverts the purpose of discovery and it highlights the purpose of the protections afforded non-parties under the Federal Rules. See Cytodyne Techs., Inc. v. Biogenic Techs., Inc., 216 F.R.D. 533, 535 (M.D. Fla. 2003) ("…non-party status is considered by the court in weighing the burdens imposed in providing the requested discovery.").

Further, Bestwall relies on Martino v. Kiewitt N.M. Corp., 600 F. App'x. 908, 911 (5th Cir. 2015) to support its contention that it is entitled to documents or information already in Bestwall's possession. As the Court will quickly ascertain in reviewing that authority, this case does not support Bestwall's extraordinary argument in this regard. Martino concerned disclosures pursuant to Civil Rule 26(a)(1)(A), which requires "parties to make certain initial disclosures in most civil cases."[16] Rules and Commentary, Rule 26. Duty to Disclose; General Provisions Governing Discovery, 1 Federal Rules of Civil Procedure. Specifically exempted from the

---

[15] Similarly, Bestwall has produced no authority supporting why it is "entitled," as it contends it is, Resp. at 16, to examine Ferraro Law about communications with Bestwall during settlement negotiations in the Selected Plaintiffs' cases.

[16] The plaintiff in Martino failed to disclose a certain document in its possession that the plaintiff alleged was a "public document, equally available to both parties." 600 F. App'x at 911. The court rejected this argument, stating that "even if a document is publicly available or in the opposing party's possession, a party must still disclose it *under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses*." Id. (emphasis added).

mandatory initial disclosure requirement is "an action to enforce or quash an administrative summons or subpoena." Fed. R. Civ. P. 26(a)(1)(B)(v). Thus, Ferraro Law is indisputably not a "disclosing party" for purposes of Civil Rule 26(a)(1)(A), and Martino is wholly inapplicable in these circumstances.

### II. Bestwall Does Not Have Evidence that Ferraro Law Withheld Exposure Evidence.

In the Response, Bestwall paints an entirely misleading picture of (allegedly) rampant fraudulent litigation against it and other asbestos manufacturers. See Resp. at 12-14 & 23. Bestwall relies heavily on a wholly separate bankruptcy case, In re Garlock Sealing Techs., 504 B.R. 71, 83 (Bankr. W.D.N.C. 2014), in which the court discussed tort litigation against Garlock by a certain five law firms and focused on fifteen (15) specific cases. Bestwall fails to mention that Ferraro Law was *not* among those five firms, nor were any of the Selected Plaintiffs among those 15 cases. Accordingly, Bestwall's reliance on Garlock in support of the Subpoenas is plainly misplaced. Further, as discussed below, many of Bestwall's allegations regarding a case that was litigated by Ferraro Law were previously debunked by the ACC.

#### a. Plaintiff A

Bestwall's account of Plaintiff A's case against Bestwall is misleading. Bestwall alleges that Plaintiff A "repeatedly claimed his only asbestos exposure was to Bestwall joint compound that occurred during his work as a painting supervisor in 1977-78 for a U.S. defense contractor in Saudi Arabia." Resp. at 13. Bestwall accuses Ferraro Law of "fail[ing] to disclose evidence of exposure to other companies' products" because Ferraro Law cast bankruptcy ballots for Plaintiff A in two bankruptcy trusts. Importantly, Bestwall overstates the evidentiary import of a bankruptcy ballot. As discussed above, a ballot is not a claim and does not constitute proof of exposure. Thus,

filing ballots on behalf of Plaintiff A in other bankruptcy trusts does *not* constitute a failure to disclose "evidence of exposure."

Indeed, though Bestwall avers that it "has other evidence" suggesting that Ferraro Law withheld exposure evidence, it has not presented any credible information in this regard. Rather, Bestwall has candidly admitted that it is motivated by an unfavorable verdict in Plaintiff A's case in seeking information from Ferraro Law. See Resp. at 12 (admitting that Plaintiff A's trial "resulted in a plaintiff's verdict for $17 million, with Bestwall assigned 55% of the liability for the damages," which "was one of only two unreversed plaintiff's verdicts against Bestwall in the seven years before Bestwall's bankruptcy petition").

### b. Sikorska Affidavit

Bestwall's argument that the information it seeks regarding the Sikorska Affidavit is relevant to the estimation proceedings relies (again) on the erroneous supposition that a bankruptcy ballot is the evidentiary equivalent of a claim. See Resp. at 23. As discussed above, a bankruptcy ballot is not a claim, and does not constitute evidence of exposure. Accordingly, the information Bestwall seeks regarding the Sikorska Affidavit is not relevant to the estimation proceedings.

### c. Dahlgren Article

Bestwall argues that the information it seeks about the Dahlgren Article is within the scope of Civil Rule 26 and 45 because "[t]he Dahlgren Article has been used against Bestwall in several cases since 2012 as a basis to claim Bestwall's joint compound products were hazardous" and that Ferraro Law "used the article in cross-examining Bestwall's expert in Plaintiff A's trial." Resp. at 23.

First, Bestwall does not dispute that it has equal access to, or already possesses, the information that it seeks from Ferraro Law. Indeed, Bestwall cites trial transcripts in which James

11

Dahlgren testified in its Response. Resp. at 23. Yet, Bestwall contends that it is "*entitled* to depose Ferraro about its use [sic] the Dahlgren Article in cases against Bestwall, to understand the impact an article based on incorrect evidence may have had on Bestwall's settlement history." Id. Bestwall's circular reasoning does not satisfy the requirements of Civil Rules 26 and 45: this argument does not demonstrate that this information is relevant or proportional to the needs of the estimation hearing.

Second, as discussed in the Motion to Quash, the information Bestwall seeks concerning Ferraro Law's "use" of the Dahlgren Article indisputably encroaches on information that is protected by the attorney work-product doctrine. Depositing Ferraro Law regarding its trial strategies is clearly an impermissible intrusion into an attorney's work. Though Bestwall claims that it seeks only "nonprivileged" information, Resp. at 18, this claim is belied by the fact that Bestwall already has trial transcripts and access to the public court dockets. Accordingly, Bestwall already has sufficient access to any nonprivileged information that it seeks regarding Ferraro Law's use of the Dahlgren Article in Plaintiff A's case against Bestwall.

### III. The Shelton Standard Applies in these Circumstances and Bestwall has Failed to Meet it.

It is Bestwall's (flawed) position that the test for deposing counsel that was established in Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) does not apply in these circumstances because Ferraro Law "has never been counsel to a party to the estimation proceeding in the Bankruptcy Case." Resp. at 17. Bestwall fails to account for the fact that Ferraro Law is asbestos counsel for numerous potential creditors to the bankruptcy estate, and therefore, "parties in interest" to the estimation hearing. As noted in the Motion to Quash, the information Bestwall seeks involves legal decisions and work product created during the course of Ferraro Law's representation of the Selected Plaintiffs, and those same analyses and work product would be

12

relevant to the pending claims of other claimants as well as the estimation thereof. Accordingly, the protections of Shelton extend to Ferraro Law, see Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc., 237 F.R.D. 215, 219–20 (D. Neb. 2006), and though Bestwall claims to have satisfied the high standard of Shelton, it has not: (1) as described in the Motion to Quash and throughout this Reply, Bestwall has other means for obtaining the information sought by the Subpoenas; (2) Bestwall has neither demonstrated that the information is relevant or nonprivileged; and (3) Bestwall has not demonstrated that this information is "crucial" to Bestwall's case in the estimation proceedings.

Should the Court determine that Shelton standard does not apply in these circumstances, Bestwall must still "demonstrate that there has a been a waiver of the attorney-client privilege and that the work product privilege has either been waived or that the standard of the Federal Rule of Civil Procedure 26(b)(3) has been satisfied." Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 731 (8th Cir. 2002). Bestwall has plainly failed to meet these requirements: as discussed above, Bestwall has not demonstrated a substantial need for deposing Ferraro Law, nor has it demonstrated that it cannot obtain this information by other means. [17]

## CONCLUSION

WHEREFORE, Ferraro Law respectfully requests that the Court issue an Order quashing the Subpoenas or, in the alternative, modifying the Subpoenas to conform with the requirements of Federal Rules 26 and 45, and to grant Ferraro Law any other relief as is just and proper under the circumstances.

---

[17] Under subsection (b)(3) of Civil Rule 26, a party may not discover privileged information unless "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b).

This, the 22nd day of February, 2022.

**WALDREP WALL BABCOCK
& BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep Jr. (NC State Bar No. 11135)
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103
Telephone: 336-717-1280
E-mail: notice@waldrepwall.com
Admitted Pro Hac Vice
*Counsel for Ferraro Law*

*/s/ Sean A. Burstyn*
Sean Alexander Burstyn
(Florida Bar No. 1028778)
Email: sean.burstyn@burstynlaw.com
Burstyn Law PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (917) 810-8450
*Counsel for Ferraro Law*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was served on all attorneys of record in the above entitled and number cause via CM/ECF this, the 22nd day of February, 2022.

/s/ *Sean A. Burstyn*
Sean Alexander Burstyn
(Florida Bar No. 1028778)
Email: sean.burstyn@burstynlaw.com
Burstyn Law PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (917) 810-8450
*Counsel for Ferraro Law*