**Exhibit A**

1. Ferraro Law Firm ("Ferraro Law") and Bestwall, LLC ("Bestwall") agree to the following stipulations with respect to the Subpoena Duces Tecum (the "Document Subpoena") issued to Ferraro Law dated November 30, 2021:

    a. <u>Request 2</u>: With respect to this document request, Ferraro Law need only represent, for each claim made by a Selected Plaintiff against a Trust, whether the claim has been approved, paid, rejected, withdrawn, or deferred (or whatever similar categories or designations are employed by the particular Trust), and need not disclose any settlement offers or payments received from the Trust.

    b. <u>Requests 3 and 4</u>: With respect to these document requests, Ferraro Law may redact Rule 2019 Statements and Ballots (as those terms are defined by the Document Subpoena) that are responsive to these requests to exclude the names and/or other identifying information of all claimants contained in those documents, with the exception of the names and/or other identifying information of the Selected Plaintiffs.

    c. <u>Requests 5, 6, and 7</u>: With respect to these document requests, to identify responsive documents, Ferraro Law need only search its files for the Selected Plaintiffs (whether maintained in paper or electronic format, and including all separately maintained files for such Selected Plaintiffs, for example both tort litigation and bankruptcy/Trust files if those are maintained separately, together the "Selected Plaintiff Case Files") and produce non-privileged documents that are responsive to the requests. Ferraro Law need not conduct electronic searches of all Ferraro Law's files. Ferraro Law also need not prepare a privilege log of documents that are responsive to these requests but are protected by attorney-client privilege or the work product doctrine.

2. With respect to the Subpoena ad Testificandum (the "Deposition Subpoena") issued to Ferraro Law dated November 30, 2021, Ferraro Law and Bestwall have agreed to the following stipulations concerning the obligation of Ferraro Law's designated witness to prepare to testify with respect to "information known or reasonably available to the organization," pursuant to Fed. R. Civ. P. 30(b)(6):

a. <u>Matter 1</u>: To prepare for examination on this matter, Ferraro Law's designee should become familiar with the nonprivileged documents related to settlement negotiations and communications between Ferraro Law and Bestwall that are in Ferraro Law's Selected Plaintiff Case Files, and confer with individuals presently employed by Ferraro Law who are familiar with settlement negotiations and communications between Ferraro Law and Bestwall concerning the Selected Plaintiffs.

b. <u>Matter 2</u>: Bestwall will, no later than ten (10) days before the scheduled deposition, provide copies of trial transcripts, discovery responses, expert materials, or other documents evidencing Ferraro Law's use of the Dahlgren article in cases against Bestwall. To prepare for examination on this matter, Ferraro Law's designee should be prepared to testify concerning whether the Ferraro Law in fact used the Dahlgren article in the cases identified through those documents.

c. <u>Matters 3, 7, 8</u>: To prepare for examination on these matters, Ferraro Law's designee should become familiar with the documents Ferraro Law produces to Bestwall that relate to these categories, and confer with individuals presently employed by Ferraro Law who are familiar with the topics.

d. <u>Matter 9</u>: To prepare for examination on this matter, Ferraro Law's designee should become familiar with relevant documents in the Selected Plaintiff Case Files and confer

with individuals presently employed by Ferraro Law who are familiar with the topics. Bestwall may also provide, no later than ten days before the deposition, public statements by Ferraro Law that may be the subject of examination, and the designee should be prepared to testify concerning any such statements.

      e.      <u>Matter 10</u>: To prepare for examination on this matter, Ferraro Law's designee should be prepared to identify firms with whom a co-counsel, referral, or joint representation arrangement or agreement exists or existed in the past with regard to the Selected Plaintiffs. Ferraro Law's designee need not be prepared to testify about the terms of any such arrangement or agreement, or privileged communications with any co-counsel or referral source (but allocation of responsibility for filing Trust Claim Forms shall not be considered a term of the arrangement or a privileged communication with any co-counsel or referral source).

3.      With these stipulations, Ferraro Law will comply with the Document Subpoena and Deposition Subpoena. In particular, with respect to Document Requests 1, 3, and 4, Ferraro Law will produce responsive Trust Claim Forms and documents submitted therewith, Ballots, and Rule 2019 Statements; will not assert that such documents are protected by any privilege or immunity from discovery; and will testify with respect to Matters 4, 5, and 6. Ferraro Law will meet and confer with Bestwall concerning dates for production of documents and the deposition.

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document was served on all attorneys of record in the above entitled and number cause via CM/ECF.

This the 8th day of April, 2022.

*/s/ Sean A. Burstyn*
Sean Alexander Burstyn
(Florida Bar No. 1028778)
Email: sean.burstyn@burstynlaw.com
Burstyn Law PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (917) 810-8450
*Counsel for Ferraro Law*
